**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIRONG CHEN, | No. 11-72147 |
| Petitioner, | Agency No. A099-396-939 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

Shirong Chen, a native and citizen of China, challenges the Board of

Immigration Appeals' ("BIA") denial of his request for asylum, withholding, and

relief under the Convention Against Torture ("CAT"). Chen claims that he was

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Kermit Victor Lipez, Senior United States Circuit Judge for the First Circuit, sitting by designation.

incarcerated and beaten after publicly protesting the working conditions at a state-owned chemical factory.

The BIA committed legal error in concluding that Chen failed to demonstrate that his application for asylum was timely under 8 U.S.C. § 1158(a)(2)(B). There are no disputed facts with respect to timeliness. Chen consistently testified that he applied for asylum within the one-year deadline, and the Immigration Judge did not make an adverse credibility finding. Under "any view of the historical facts," Chen's application was timely filed. *Khunaverdiants v. Mukasey*, 548 F.3d 760, 765 (9th Cir. 2008).

The BIA also erred in concluding that there was no nexus between Chen's persecution and his expression of a political opinion because Chen failed to show that the factory was state owned. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Chen, however, testified that the factory was state owned. In the absence of an adverse credibility finding, we must accept Chen's assertions as true. *See Hu v. Holder*, 652 F.3d 1011, 1016–18 (9th Cir. 2011). The record thus compels a finding that there was a nexus between Chen's labor protest and his subsequent persecution by police. *See id.* at 19.

Substantial evidence supports the BIA's determination that Chen was not entitled to CAT relief. While the abuse Chen suffered amounted to persecution, it

2

did not amount to torture. Chen was jailed and beaten on one occasion. We have held that similar treatment did not necessarily rise to the level of torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007).

The petition is therefore **GRANTED** with respect to Chen's claims for asylum and withholding. Chen's petition for relief under CAT is **DENIED**.